UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

SAMUEL G. BAILEY,
Plaintiff-Appellant,

v.

NEW REGENCY PRODUCTIONS,

No. 99-2525

INCORPORATED; F. GARY GRAY;
WARNER BROTHERS; COLUMBIA
BROADCASTING SYSTEM,
Defendants-Appellees.

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
T. S. Ellis, III, District Judge.
(CA-99-345-A)

Submitted: March 23, 2000

Decided: March 31, 2000

Before LUTTIG, WILLIAMS, and MICHAEL, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Samuel G. Bailey, Appellant Pro Se. Karla Lynn Palmer, MCDER-
MOTT, WILL & EMERY, Washington, D.C., for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Samuel G. Bailey appeals from the district court's entry of summary judgment in his copyright infringement action. We affirm.

In 1992, Bailey wrote and copyrighted a screenplay entitled The Walls Come Tumbling Down ("Walls"). He submitted this script to Defendant F. Gary Gray on December 13, 1996. Bailey alleges that Gray and the other Defendants used this script to develop The Negotiator (Warner Bros. 1998).

Bailey commenced a lawsuit for copyright infringement, and the Defendants moved for summary judgment. The Defendants proffered that the screenplay for The Negotiator was largely completed before Bailey sent his script to Gray. The Defendants further argued that The Negotiator bore no meaningful resemblance to Walls. The district court granted the Defendants' motion for both reasons.

To establish a prima facie case of copyright infringement, a plaintiff must show "possession of a valid copyright, the defendant's access to the plaintiff's work, and substantial similarity between the plaintiff's and defendant's works." Dawson v. Hinshaw Music Inc., 905 F.2d 731, 732 (4th Cir. 1990). As noted by the district court, Bailey cannot show access. The Defendants furnished the district court with a draft of The Negotiator dated November 7, 1996. That draft contains nearly all the elements that Bailey alleges were copied from Walls. Bailey suggests that the date on this draft was fraudulent, but he has offered no support for this allegation; the Defendants, meanwhile, introduced two affidavits corroborating the date. Thus, Bailey has not forecast enough evidence to prove the second element of his prima facie case.

Bailey's failure to prove access provides a sufficient basis for affirming the district court's decision. Accordingly, we need not con-

2

sider the court's alternative holding that there were no significant similarities between Walls and The Negotiator.

Finally, Bailey asserts that the court unfairly limited him to fifteen minutes of argument at the summary judgment hearing. We perceive no impairment of Bailey's ability to present his case.

For these reasons, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3